Good afternoon, your honors. May it please the court. Lauren Tory on behalf of Appellant Clifton Jackson, I'd like to reserve four minutes for rebuttal and I will watch my time. We've raised numerous challenges to the verdict in this case, but with the court's permission, I'd like to spend my time today. I'm sorry, I thought someone had a question. I'd like to reserve my time today to address the Rahafe Insufficiency Challenge, unless the court would direct me otherwise. Thank you, your honor. In this case, Mr. Jackson moved for acquittal under Rule 29, and in doing so, he preserved all of his insufficiency challenges on direct appeal, including his Rahafe Insufficiency Challenge. And because it's preserved, this court should review the issue de novo. And under de novo review, this court is restricted to the general rule in Jackson v. Virginia that it should review the record adduced at trial. And when we look at the information that was provided at trial as to Mr. Jackson's priors, all we have is the stipulation. And the stipulation reads that at all times relevant to this case, including December 1st, Mr. Jackson had been convicted of a crime punishable by imprisonment for a term exceeding one year. That is all the information that was adduced at trial in relation to Mr. Jackson's priors. And that is not enough for the government to meet its burden to prove that Mr. Jackson knew of his prohibited practice, and he allegedly set the fire alarm. Counsel, Judge Lucero, is it correct that your client had been earlier convicted for a similar offense, an arms offense, and served time? That is correct, your honor. What does it tell us about what the record tells us about the nature of that offense? The record at trial, your honor, the only information added to his priors was the stipulation. There is no other evidence or information in relation to Mr. Jackson's priors. And so when we stick to the trial record, the government cannot meet its burden to prove the rape element. The stipulation by itself is nothing more than a historical fact. And this court has not found that a stipulation such as this has ever been enough for the government to meet its burden. Now, when you say trial record, are you distinguishing trial record from the present report? Yes, your honor. So the present report is not something that the jury would have seen or would have been offered into evidence. It's something that was provided at sentencing. And so under the rule, under Jackson v. Virginia, when restricting the review under de novo review to the trial record, it would exclude this court's review of the present report. Could you explain again how your, how Mr. Jackson preserved the rehab issue? And what exactly did he argue to the district court? So below Mr. Jackson's counsel moved for acquittal under rule 29 at the close of the government's case. And at that point in time, the district court said that it was preserving that issue that was dealt with at sidebar, but didn't rule on it at that time. Then later on, another rule 29 motion was raised at the close of defense's case. And that one was more specific. The first, however, was general. And at that time, the district court understood, we know that the district court understood the first rule 29 motion that it didn't initially address to be general because the district court went through all of elements that the government needed to prove. The three at the time of trial. And I can provide record sites if your honor would like those. And your claim is that Mr. Jackson preserved the knowledge of status that he didn't know his status as a convicted felon. Is that the argument? The argument is that because he moved for acquittal, all of his insufficiency challenges were preserved. And then he argue as an insufficiency challenge that he didn't know his status as a convicted felon. No, your honor, it was a general rule 29. However, there is a case that is helpful to this issue in particular in United States versus which came out of the seventh circuit. The court specifically addressed a rule 29 motion, a general rule 29 motion and how that impacted a rehave insufficiency challenge. And the seventh circuit in that case found that the post-rehave challenge regarding sufficiency had been preserved based on that general rule 29 motion. And after deciding that it found that the proper then to the trial record alone. And so I think that case is helpful to this court's analysis. We know how we ended up in the situation we're in. That is to say at the time of the indictment and the trial rehave hadn't been decided. So if there's error, I say if, if there's error, it was certainly inadvertent. It wasn't as though the parties to the lawsuit sort of had clear law and they ignored it. If there is error under rehave, is it structural or is it subject to harmless error? So your honor, we raised three separate rehave claims. And so our position is that the rehave error in regard to the invalid indictment was structural. The rehave error in regard to jury instruction error would have, we're arguing that the review would be plain error review. And the rehave error in terms of insufficiency, we're asking for de novo review. Yeah. Okay. Yeah. I, I get this distinction among the three. Why is it structural error with respect to the indictment? It's structural error, your honor, because this, this indictment error affected the frameworks of the proceedings and the constitutional violations that Mr. Jackson experienced are what really make this a structural error. So we're looking at an error here where his fifth and sixth amendment rights were violated. And because of that, that is what renders the air structural. And in fact, this court has found previously that a fifth amendment violation is structural. That was a different case that was in a Stuart Summerlin versus Stuart. And in that case, it was dealt with at the habeas in a habeas proceeding. However, I think it's still useful to this is structural. But in order for you to make that argument, you're assuming that there were other constitutional errors. I'm not sure that those have been established. Your honor, the constitutional errors that resulted from the invalid indictment are established because we know that the jury or the grand jury, I should say, was not provided with all of the elements it needed to decide. And Mr. Jackson was not offered adequate notice because they're all of the elements were not listed in the indictment. And while the parties at the time did not know that Rahafe was going to be issued, it still is an error because the, the, when we look at error, we're looking at it from the perspective of the law and appeal. And so, I'm sorry, I don't know. Did you have another question? I'm struggling with this concept of structural error because the Supreme Court has been very, I'll have to say it this way, stingy with respect to what kinds of errors it will call structural. And I think in recent years, I think it's fair to say have become even more stingy. And I'm not sure we've got any case law that's directly on point that tells us that this is that this is cite to any cases or can you refer us to any cases that suggest that an error in indictment can be classified as a structural in nature? Because it seems counterintuitive to me. Structural errors typically run to matters of the structure of the trial itself, the right to a jury, the nature of the jury, the, those kinds of things, the public trial, major things. Well, Your Honor, one of the cases that we cite to in our briefing is Stewart versus Summerlin. And in that case, this court found that the Fifth Amendment indictment error was structural because allowing a constantly disqualified fact finder to decide the case is what rendered it. And that sounds structural, right? Because there, it's like what the Supreme Court said in Nader, the bias judge, the bias jury, that sort of thing. As opposed to our cases like Alaska, Medina, and I guess the Supreme Court in U.S. v. Conn, saying that an indictment defect is not, at least is not jurisdictional and no indication that it required a retrial or maybe trial constitutionally inadequate. So is there a case that's closer on point? I do not have a case that's closer on point, but I'd also like to address the rationale behind structural errors. And the rationale that it affects, it's an error that affects something that is simply too hard to measure is why this is a structural error. Here, we do not know what exculpatory evidence could have been presented. And so for that reason, this is an error that affected the fairness of the proceedings because it denied Mr. Jackson due process. Well, now you're going to the fourth prong of plain error review. But let's say that we disagree with you on structural error, and you do get to the fourth prong. How do you public reputation of judicial proceedings would be affected? If I went down the streets of Santa Barbara or San Francisco and told somebody, the judge failed to prove that a person who had been in prison for the very violation that he's being tried again, didn't realize that he was subject to, you know, you know, I'd have to give him a whole speech, right? And at the end of the speech, do you expect that somebody is going to say, Oh, well, that's outrageous. I mean, the trials in America are just going to the dogs. I mean, it's so terrible. It's like a kangaroo court. No, it's that's not going to happen. So I get I have a hard time getting past your fourth prong. So in this instance, Your Honor, the fourth prong of plain error review, we recognize that there is a circuit split as to whether or not the court should look beyond the trial record. And in in precedent, given that it has to affect the public reputation of judicial proceedings, it would strike me that you'd have to go outside the trial record to some degree to be able to explain the case. So Your Honor, our position is that the constitutional violations in this case should not allow the court to go beyond the trial record. And that's because to do so would allow this for it to review facts. The jury is not seen on an element. The jury was not presented, and it would essentially be reviewing a hypothetical trial. And most heard it to Judge Fletcher that with respect to the record at sentencing, you would disallow that consideration of the fourth prong. Correct, Your Honor. This court should only review the trial record under plain error review when it takes into consideration these constitutional violations. Because that's contrary to our recent decision in Johnson. Are you saying that that was wrongly decided? Your Honor, in this case, this case is different from United States versus Johnson, because the court in that case did not consider constitutional violations and how that impacts the fourth prong. When we look at the fifth and sixth... It was wrongly decided because it didn't consider the constitutional error because the facts of the case were pretty much directly on point, right? There's a rehate there that we said failed at the fourth prong. We looked at the constitutional violations. I think that the result would have been different. And in this case, that is the root of Mr. Jackson's argument that these constitutional violations, when we look at those under the fourth prong, to go beyond the trial record would be to place efficiency above a defendant's constitutional rights. And a plain error of constitutional dimension going to the conviction itself deserves to be corrected at the fourth prong in the interest of fairness and the integrity of the proceedings. And I see, Your Honors, that I'm beyond my time. We've taken you well past the time of the four minutes you wish to save. Let's hear from the other side, and we'll put a little time on the clock so you've got enough chance to say what you need to say in rebuttal. Thank you, Your Honors. Mr. Reid. May it please the Court, Bill Reid for the United States. As in the Benamor case, Mr. Jackson had a prior felony conviction for felon in possession of a firearm. This was the most recent of his nine prior felony convictions, and it resulted from a jury trial in the same federal courthouse where this case was tried. Because Mr. Jackson did not object either in the district court, either before or after his trial, plain error review applies to his rape challenges. First, the omission from... Excuse me. Could you address opposing counsel's point that it doesn't because there was a general sufficiency challenge? Your Honor, in Johnson's case, very recently, I believe in October, held that the record is not limited to just the trial record that this court can, under the plain error review, may look at the complete record, such as the PSR in this case, and from that determine if there was sufficient evidence to satisfy that element. If I understand opposing counsel's argument correctly, she says that this is not under plain error review because there was a Rule 29 general objection or raised a Rule 29 sufficiency claim at trial and didn't have to specifically raise the knowledge of status issue. Your Honor, I would answer that in this way. The end result, whether it is a de novo standard as to the sufficiency or plain error, the end result is the same. This court under Johnson is still entitled to look at the complete record in the case, that is, here in this case, the PSR, and make a determination of whether there was sufficient evidence. The whole premise behind that is so that there's not a needless waste of judicial and prosecutorial and other resources in a case such as this, where Mr. Jackson had nine prior felony convictions, his own supervised release at the time of this particular offense, for the very same federal felon in possession offense, the result would have been the same. So whether it's de novo or plain error, I would suggest that the two are conflated in arriving at the correct answer. The court can look at the complete record, and in this case, that record is, Mr. Jackson's record is the type that in this case said in Benamor, at a minimum, it would have been sufficient to show that, quote, he had the knowledge required by Rahave, so. Here's a question for you that goes to what stipulation was, and this was in front of the jury, precisely what was the stipulation? Your Honor, I don't have the stipulation in front of me, but I can say with pretty much full confidence the stipulation was very generic to the extent that it adhered to the old chief case, the problem that the old chief addressed to prevent a jury from being potentially prejudiced by the nature of the prior conviction, in this case, a felon in possession, and just stipulated that Mr. Jackson, at the time of the offense, had previously been convicted by a crime punishable by a term of imprisonment exceeding one year. I'm reasonably confident that that's that's the standard boilerplate stipulation. Is that enough evidence to satisfy Jackson versus Virginia? I would submit, yes, yes, Your Honor, in two different ways. One, just on its face, any rational fact juror could have found just from that evidence alone that Mr. Jackson knew full well of his prohibited status at the time of the offense, and also this court having the prerogative of being able to look beyond that, and as to the complete record, the PSR, that two-pronged... Mr. Jackson also argues that the district court did not have jurisdiction because of the defective indictment. However, this court has held, based upon Supreme Court precedent, that a defective indictment does not deprive a district court of jurisdiction. What is the status of the Johnson case? Does it have the time to file petitions for re-hearing or petitions for re-hearing? Your Honor, I believe it is a published case, and I believe it's one where it was remanded from the Supreme Court. You're stepping on my pet peeve of beliefs. I'm really not sure what the time periods are on this case. Is it absolute? It said no petitions for re-hearing or re-hearing in bond will be further considered. Thank you very much. I appreciate that. Yes, Your Honor. And the defective indictment is reviewed for the first time on appeal under a plain error standard. This court very recently made that pronouncement in the Singh case, United States v. Singh, just, I believe, in October. And that's 979 F. 3rd 697. So structural error is not applicable where a plain error standard applies under this court's holding as to a review of a trial or after. And I might add that this case, the sentencing in this, the trial in this case occurred before Rahaf was issued and the sentencing occurred after the Rahaf case was issued. And yet there was no objection until, for the first time on appeal, as to any Rahaf error. Unless there are any other questions about this Rahaf issue or any other of the issues raised in the brief, I'll be happy to try to answer them. I'm okay. Thank you. Seeing none, I'll submit it respectfully to the court. Okay. Thank you. So just to address a few of the points that the government's made. First, in response to the Rahaf case, the government's position about de novo and plain error review is incorrect. The result would be different in terms of how this court looks at the information. And so we know that in United States v. Johnson, this court made an exception under plain error review, finding that it was going to go beyond the trial record. And it should not have done that if it had reviewed the constitutional violations that we allege in Mr. Jackson's case. However, under de novo review, the general rule under Jackson v. Virginia is that this court is restricted to the trial record. And so the way that the court in the Ninth Circuit has been reviewing this is different under de novo review v. plain error. But Mr. Jackson can meet both standards in this case. If we look only to the trial record under de novo review, the government has not met its burden. If we look at the plain error test, the government also did not prove that Mr. Jackson had knowledge of his prohibited status at the time he allegedly possessed the firearm. And this court should not go beyond the trial record in this case because Mr. Jackson has raised rights that were substantially affected. With respect to the Jackson argument, sufficiency of the evidence, why isn't the stipulation enough? Because he stipulated that he's been convicted of a crime that carries a sentence longer than a year. That sounds as though it puts him on notice that he's a felon, which then puts him into the prohibited status category. In this court's case law that has come out since Verhaef, an old chief stipulation similar to what which is why in the United States versus Johnson, this court found that there was no plain error because it had to go beyond the trial record because the stipulation was not enough. And so for these reasons, on the Verhaef insufficiency challenge, we're asking that this court remand this case for retrial. And on our other issues, we'd also ask for retrial. For the separate insufficiency argument in terms of possession, we'd ask for this court to vacate if it agrees with us on that argument. Thank you, Your Honors. Okay, thank you. Thank you. Very helpful arguments. The case of Jackson, United States versus Jackson is now submitted for decision. And we've got one remaining case on the calendar this afternoon. And that is United States versus.
judges: Lucero, W. Fletcher, Ikuta